■ GEORGE WILLIAMS, Respondent, v. D. A. H. CONSTRUCTION CORP., Appellant and Third-Party Appellant-Respondent; LIDO PAINTING CORP., Third-Party Respondent-Appellant.— In an action to recover for personal injuries, defendant appeals from an interlocutory judgment of the Supreme Court, Nassau County, entered February 21, 1973, on the trial court's directed verdict in plaintiff's favor at the close of trial, and third-party defendant appeals from the afore-mentioned judgment insofar as it is in favor of plaintiff against defendant, and in favor of third-party plaintiff (defendant) against it. Judgment reversed on the law and a new trial ordered, as to all parties, with costs to abide the event. In our opinion Trial Term erred in directing a verdict for plaintiff in this case. (See *Parello* v. *Clover Leaf Towers Corp.*, 38 A D 2d 731; *Koploff* v. *St. Vincent Ferrer Church*, 39 A D 2d 581.) We are of the further view that Trial Term improperly granted judgment in favor of the third-party plaintiff against the third-party defendant on contract indemnity. The indemnity contract at bar requires indemnification only for personal injury "caused by or resulting from or arising out of any act or omission on the part of the Subcontractor" (third-party defendant), not for liability resulting from third-party plaintiff's own negligence. Thus, before the third-party plaintiff herein can recover under the contract there must be a finding that the personal injury in this case was at least to some extent caused by, resulted from or arose out of an act or omission of the subcontractor. At bar there was no such finding. Accordingly, on remand, Trial Term is directed to submit such question to the jury. It is important to note that the *Dole* rule (*Dole* v. *Dow Chem. Co.*, 30 N Y 2d 143) of apportionment has never been and was

never intended to be applicable where the parties involved have sought to be bound by an indemnity contract as in the instant case. Hopkins, Acting P. J., Munder, Latham, Christ and Benjamin, JJ., concur.