Robert C. Williams, J.
Third-party defendant moves for an order dismissing the first cause of action in the above-entitled third-party complaint pursuant to CPLR 3211 (subd [a]).
Plaintiff, an employee of the third-party defendant (subcontractor), commenced an action against the defendant and third-party plaintiff (contractor) for damages for injuries he received as a result of an accident occurring at a work site.
*891 The contractor instituted a third-party action against the subcontractor. Said action consisted of a cause of action for proportional liability under Dole v Dow Chem. Co. (30 NY2d 143) for common-law negligence and violation of section 240 of the Labor Law as well as a second cause of action for indemnification pursuant to an indemnification agreement and a hold-harmless clause in the subcontract agreement between the contractor and subcontractor.
Utica Mutual, the insurer for the subcontractor under the indemnification agreement, thereafter vouched-in its attorneys for the defendant for the purpose of carrying out the defense of the main action. The insurer’s attorneys proceeded to discontinue the second cause of action under the indemnification agreement. Third-party defendant’s common-law negligence insurer now contends that the defendant has elected its remedy of proceeding under the indemnification agreement and is thereby estopped from maintaining the inconsistent first cause of action for a Dole apportionment.
The defendant contractor is barred from bringing said first cause of action not by reason of the election of remedies doctrine but because a Dole apportionment cause of action does not lie in this situation. Dole was not intended to and does not alter pre-existent rules of law governing contractual rights of indemnity. (Rogers v Dorchester Assoc., 32 NY2d 553.) The Dole rule of apportionment has never been and was never intended to be applicable where the parties involved have sought to be bound by an indemnity contract. (Williams v D. A. H. Constr. Corp., 42 AD2d 877.) Indeed such a rule is needed to prevent an inequitable situation such as the one at bar from arising. Utica Mutual is attempting to evade its liability under the bargained for indemnification agreement by vouching-in for defendants, discontinuing the indemnification action, and then seeking to place the burden of liability on the subcontractor’s common-law negligence insurer. Such a situation is clearly inequitable for the common-law insurer who has the right to rely on not being liable for causes of action arising under it’s insured’s indemnification contracts, which contracts it does not insure. .
Accordingly, the motion is granted.
Submit order.