■ LEASEWAY OF CENTRAL NEW YORK, Respondent, v CLIMAX MANUFACTURING CO., INC., Appellant. — Order and judgment unanimously reversed, with costs, defendant's motion granted and complaint dismissed. Memorandum: In 1971 the parties entered into a lease whereby plaintiff leased certain vehicles to defendant. The agreement, prepared by plaintiff, provided that plaintiff would obtain liability insurance for the vehicles, which was to be primary, and naming both parties as insured. Schedule A of the contract specified plaintiff would obtain "Automobile Public Liability insurance to be furnished and maintained by *Lessor* in the following amounts: (i) For injury to or death of one person per occurrence $250,000.00 limit; (ii) For injury to or death of two or more persons per occurrence $1,000,000.00 limit; (iii) For property damage per occurrence $500,000 limit; or alternatively, (iv) For injury to or death of one or more persons and property damage per occurrence $1,000,000.00 combined single limit." Defendant promised that it would, notwithstanding the insurance, indemnify plaintiff for any claims and liabilities. Pursuant to the contract, plaintiff obtained a single limit policy from Allstate Insurance which provided $1,000,000 coverage per occurrence. Thereafter, a third party was injured by one of the leased vehicles. The claim was settled for $580,000 and paid in full by the parties' insurer, Allstate Insurance. Plaintiff then brought this action on behalf of Allstate claiming indemnity from defendant for $330,000, the amount above the $250,000 personal injury limit set forth in Schedule A of the contract. Both parties moved for summary judgment. Special Term granted plaintiff's motion and denied defendant's. The judgment should be reversed and defendant's motion granted. Plaintiff, having elected to obtain a $1,000,000 single limit policy, had that amount of insurance available to it, and defendant has no duty to indemnify plaintiff until that insurance coverage is exhausted. We find no ambiguity in the lease contract which would obligate defendant to indemnify plaintiff in claims for personal injuries after the first $250,000 of coverage was exhausted. Insofar as there may be ambiguity, however, it must be resolved against plaintiff, who prepared the contract. (Appeal from order and judgment of Oneida Supreme Court — summary judgment.) Present — Cardamone, J.P., Simons, Callahan, Doerr and Moule, JJ.