AETNA CASUALTY AND SURETY COMPANY, Appellant, v LUMBER-
MENS MUTUAL CASUALTY COMPANY, Respondent.

Fourth Department, April 8, 1988

### APPEARANCES OF COUNSEL

*Michael Pilarz* for appellant.

*Canale, Madden & Burke, P. C. (John Canale* of counsel),
for respondent.

### OPINION OF THE COURT

BOOMER, J.

Both Aetna Casualty and Surety Company, plaintiff, and
Lumbermens Mutual Casualty Company, defendant, insured

John W. Cowper Company, which had contracted to construct a building for the Jewish Federation Housing Development Fund. The general liability policy issued by Aetna Casualty and Surety Company contained an endorsement providing coverage for liability based on contractual indemnity, but excluded coverage for liability based on common-law indemnity. The policy issued by Lumbermens Mutual Casualty Company provided coverage for liability arising from liability imposed by law (including common-law indemnity), but excluded coverage for "liability assumed by the insured under any contract or agreement". Joseph Ciffa, an employee of Cowper, was injured while working on the construction site and he sued the owner, Jewish Federation, for money damages. Jewish Federation served a third-party complaint upon Cowper containing two causes of action—one based on common-law indemnity and the other based on the indemnity provision in the construction contract entered into between Cowper and Jewish Federation. The lawsuit between Ciffa and Jewish Federation, as defendant, and Cowper, as third-party defendant, was settled by Cowper for the sum of $166,500.

Aetna brought the present action against Lumbermens for a declaratory judgment. Aetna contended that Lumbermens should pay half of the judgment because Cowper's liability to Jewish Federation was based on common-law indemnity as well as contractual indemnity. Lumbermens denied any liability and counterclaimed for the sum of $24,000, the amount of its lien for workers' compensation benefits paid to Ciffa. Special Term granted summary judgment to defendant Lumbermens on its counterclaim and also declared that Lumbermens' policy did not provide coverage to Cowper for its liability to Jewish Federation. Based upon a stipulation between the parties, the court found that, absent the indemnity clause in the contract, Cowper would be liable to Jewish Federation on the basis of common-law indemnity. Nevertheless, it held that because the indemnity assumed by contract was more extensive than common-law indemnity, the parties intended that the indemnity clause supersede the narrow right to common-law indemnity.

The indemnity clause in the contract between Cowper and Jewish Federation provides:

"4.18 INDEMNIFICATION

"4.18.1 To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner * * * from

and against all claims, damages, losses and expenses * * * arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury * * * and (2) is caused in whole or in part by any negligent act or omission of the Contractor * * * regardless of whether or not it is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exist as to any party or person described in this Paragraph 4.18."

Nothing in this clause is inconsistent with the owner's right to common-law indemnity and there is no reason why the right to common-law indemnity and contractual indemnity should not coexist. In the absence of contractual indemnity, Cowper would be liable to Jewish Federation under the principles of common-law indemnity, and Cowper would thus be entitled to coverage under the policy issued by Lumbermens. Cowper paid a premium for that coverage and it should not be deprived of the coverage solely because it is also liable under the indemnity agreement.

The exclusionary clause in the policy issued by Lumbermens does not operate to deprive Cowper of coverage. The fact that Jewish Federation's recovery against Cowper could have been based upon a contract of indemnity does not preclude the existence also of a common-law right to indemnity (see, O'Dowd v American Sur. Co., 3 NY2d 347, 353). Where the facts are such that an insured's liability exists on one theory as well as another and one of the theories brings the liability within coverage, the insured may avail itself of the coverage (United States Steel Corp. v Hartford Acc. & Indem. Co., 511 F2d 96, 99). Thus, where, as here, the insured contractor is liable to the owner under either the indemnity provision of its contract or in tort independent of contract, the exclusion for liability assumed under the contract will not apply (7A [rev] Appleman, Insurance Law and Practice § 4497.03, at 139-140 [Berdal ed]; 30 NY Jur, Insurance, § 1177, at 593; Annotation, Scope and effect of clause in liability policy excluding from coverage liability assumed by insured under contract not defined in policy, such as one of indemnity, 63 ALR2d 1122, 1123; O'Dowd v American Sur. Co., supra; Modern Scaffold Co. v Karell Realty Corp., 28 AD2d 581).

Since both policies provided coverage for Cowper's liability to Jewish Federation, both insurance companies must share that liability, and under the terms of the policies, each must

share equally *(see, Employers Ins. v General Acc., Fire & Life Assur. Corp.,* 134 Misc 2d 976). Accordingly, the judgment should be modified to declare that both Aetna and Lumbermens are equally liable to indemnify Cowper for any amounts that Cowper must pay to Jewish Federation, and by awarding judgment to Lumbermens against Aetna in the sum of $12,000, representing one half of Lumbermens' lien for workers' compensation benefits paid to Joseph Ciffa.

DOERR, J. P., GREEN, LAWTON and DAVIS, JJ., concur.

Judgment unanimously modified, on the law, and, as modified, affirmed, with costs to plaintiff, in accordance with opinion by BOOMER, J.