■ JOHN HUNT, Plaintiff, v WERNER SPITZ CONSTRUCTION COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant and Third-Party Plaintiff. RAILING SUPPLY COMPANY, INC., Third-Party Defendant-Respondent.— Order unanimously reversed on the law with costs, and motion denied. Memorandum: Defendant and third-party plaintiff Werner Spitz appeals from an order which granted the motion of third-party defendant Railing for dismissal of Werner Spitz's third-party claims for contribution and/or common-law indemnification. In dismissing those claims, the court held that such claims are superseded by Railing's express agreement to indemnify Werner Spitz.

The court erred in determining that the contractual indemnification claim supersedes the common-law claims. "Nothing in [a contractual indemnification] clause is inconsistent with [an indemnitee's] right to common-law indemnity and there is no reason why the right to common-law indemnity and contractual indemnity should not coexist" (Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co., 136 AD2d 246, 248, lv denied 73 NY2d 701). The existence of a contract of indemnity "does not preclude the existence also of a common-law right to indemnity" (Aetna Cas. & Sur. Co. v Lumbermens Mut. Ins. Co., supra, at 248, citing O'Dowd v American Sur. Co., 3 NY2d 347, 353; see also, Dairylea Coop. v Rossal, 64 NY2d 1, 8-9). By a parity of reasoning, there is also no inconsistency between claims for contractual indemnification and common-law contribution.

We reject Railing's contention that our affirmance of a prior declaratory judgment in favor of Railing's insurer (see, Aetna Cas. & Sur. Co. v Railing ̀ Supply Co., 103 AD2d 1001, lv denied 64 NY2d 602) is stare decisis as to the issue raised on this appeal. The subsequent opinion of this court in Aetna Cas. & Sur. Co. v Lumbermens Mut. Ins. Co. (supra) states the law of this department. That intervening change in the law precludes the operation of the doctrine of stare decisis (see, Siegel, NY Prac § 449). (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J.—dismiss cause of action.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.