■ APPROVED PHARMACEUTICAL CORP., Formerly Known as BEIJER DRUG, INC., Respondent, v DAVID S. PUTTER, Appellant, and NORTON S. PUTTER et al., Defendants and Third-Party Plaintiffs-Appellants. LIBERTY MUTUAL INSURANCE COMPANY et al., Third-Party Defendants-Respondents. (Action No. 1.) ALL PUTTER COMPANY, INC., Formerly Known as APPROVED PHARMACEUTICAL CORP., Appellant, v LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents. (Action No. 2.)—Order unanimously modified on the law and as modified affirmed with costs to defendants Putter and All Putter Company and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: When these actions were previously before this court, we determined that, although All Putter had been sued in action No. 1 only for contractual indemnity pursuant to its contract with Approved, that fact did not preclude a finding that there could be liability coverage under principles of common-law indemnity *(see, O'Dowd v American Sur. Co.,* 3 NY2d 347; *Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co.,* 136 AD2d 246, *lv denied* 73 NY2d 701). We also determined in action No. 2 that, because All Putter had been vouched in, it had been placed at risk and was entitled to whatever insurance coverage its policies of insurance provided *(see, Continental Cas. Co. v Cole,* 809 F2d 891). Mixed questions of law and

fact existed, however, with respect to which, if any, policies of insurance issued by Liberty Mutual Insurance Co. and CNA Insurance Co. provided liability insurance at the time of the occurrence. We remitted these actions to Supreme Court for a determination of the coverage issue *(All Putter Co. v Liberty Mut. Ins. Co.,* 127 AD2d 977; *Approved Pharm. Corp. v Putter,* 127 AD2d 978). Nevertheless, on remittal Supreme Court addressed only the claim of contractual indemnity alleged in Approved's complaint. Contrary to our decisions, Supreme Court granted the insurance carriers' summary judgment motions, stating that none of the policies provided for contractual coverage. Since there still has not been a determination made with respect to which, if any, policies of insurance provide *liability* coverage for the injuries complained of, we again remit these cases to Supreme Court to make a determination on coverage. Until such determination has been made, there can be no final disposition of either action. Because no issue has been raised with respect to the correctness of Supreme Court's order permitting plaintiff Approved Pharmaceutical Corp. to amend its complaint to increase the amount of damages, we affirm that portion of Supreme Court's order. (Appeal from order of Supreme Court, Onondaga County, Murphy, J.—declaratory judgment.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.