■ JAN MICHALAK, Plaintiff, v CONSOLIDATED EDISON CO. OF NEW YORK, Defendant and Third-Plaintiff-Appellant. AKRON WRECKING CO., INC., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about March 7, 1990, which granted the motion of third-party defendant-respondent Akron Wrecking Co., Inc. (Akron), pursuant to CPLR 3212, for summary judgment dismissing the third-party complaint of appellant Consolidated Edison Co. of New York (Con Edison) without prejudice to the assertion of rights to contractual indemnification, is unanimously modified, on the law and the facts, to grant Akron's motion only to the extent of awarding summary judgment dismissing so much of the third-party complaint which seeks common-law indemnification, to the aggregate limits of the primary and excess insurance coverage obtained by Akron for both its benefit and that of Con Edison, and the motion is otherwise denied, without costs and without disbursements.

The main action was commenced by Michalak, an employee of Akron, to recover $5,000,000 for personal injuries allegedly sustained in the course of demolition work at Con Edison's Waterside generating facility. Pursuant to the terms of the contract between Con Edison and Akron, it was agreed that Akron would indemnify Con Edison, without limitation, as to losses it might suffer as an outgrowth of the demolition work. To secure the indemnity provisions of the contract, not only was Akron to maintain its statutory workers' compensation insurance, but more specifically the contractor was required to maintain a primary bodily injury liability policy in the face amount of $1,000,000 for each occurrence, which policy was to "include Con Edison as an additional insured." In furtherance of this obligation, Akron obtained a certificate of insurance in the face amount of $1,000,000 with an excess policy in the face amount of $5,000,000, a total of $6,000,000 in coverage, which names both Akron and Con Edison as insureds.

Since Con Edison has not yet paid any claim by the plaintiff Michalak, the causes of action for indemnity are technically premature. *(See, McDermott v City of New York,* 50 NY2d 211, 216.) However, the CPLR does allow third-party actions to be commenced in certain circumstances before they are technically ripe, so that all parties may establish their rights and liabilities in one action *(see, Mars Assocs. v New York City Educ. Constr. Fund,* 126 AD2d 178, 191-192).

Con Edison, ostensibly, has brought this third-party action against Akron asserting a common-law right of indemnity in addition to those rights reserved to Con Edison pursuant to the terms of the contract. As a general rule, there is nothing in a contractual indemnification clause which is inconsistent with the indemnitee's right to common-law indemnity so as to preclude their coexistence *(Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co.,* 136 AD2d 246, 248, *lv denied* 73 NY2d 701; *Hunt v Werner Spitz Constr. Co.,* 152 AD2d 936). However, in the instant case, the nature of the indemnity agreement and public policy preclude the coexistence of the right to both contractual and common-law indemnity. We hold that by requiring the procurement of insurance naming itself as "additional insured", Con Edison has waived any right of common-law indemnity up to the aggregate limits of the combined policies *(see, Leaseway of Cent. N. Y. v Climax Mfg. Co.,* 81 AD2d 1038, *affd* 54 NY2d 822). The blatant attempt to seek contribution from Akron's primary carrier, the State Insurance Fund, prior to the exhaustion of the coverage afforded by the policies covering the specific liability at issue would allow

those carriers a right of subrogation against their own insured for a claim arising from the very risk for which the insured was covered. *(See, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 468, 472.) Concur—Murphy, P. J., Kupferman, Ross and Ellerin, JJ.