■ DONALD ROCOVICH, Appellant-Respondent, v CONSOLI-

DATED EDISON COMPANY, Defendant and Third-Party Plaintiff-Respondent-Appellant. KING INSULATION COMPANY, INCORPORATED, Third-Party Defendant-Respondent-Appellant.—In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Durante, J.), dated January 12, 1989, as, upon a jury verdict, apportioned 90% of the fault in the happening of the accident to him, and 10% of the fault in the happening of the accident to the defendant third-party plaintiff, and limited his net award of damages accordingly, (2) the third-party defendant King Insulation Company, Incorporated, cross-appeals, as limited by its brief, from so much of the same judgment as is in favor of the defendant third-party plaintiff and against it in the sum of $8,059.70, and (3) the defendant third-party plaintiff has filed a notice of cross appeal from the judgment.

Ordered that the cross appeal by the defendant third-party plaintiff is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the second decretal paragraph thereof, and substituting therefor a provision dismissing the third-party complaint; as so modified, the judgment is affirmed, without costs or disbursements.

On May 10, 1984, the plaintiff, a construction worker, was performing asbestos insulation work at the Hudson Avenue Station, a power plant owned and operated by the defendant third-party plaintiff Consolidated Edison Company. At the time, the plaintiff was employed by the third-party defendant King Insulation Company, Incorporated, who in turn was under contract with Consolidated Edision Company to perform the work.

The plaintiff's job was to replace and repair insulation on a series of large pipes located on the roof of the power plant. The pipes were located in a recessed area. In the center of the recessed area and adjacent to the plaintiff's work area was a trough, containing hot oil collected from the overflowing tanks, which led to the plant's boilers, where it would be used to generate electricity. In the course of his duties, the plaintiff attempted to cross the trough, which was approximately 12 inches wide and 12 inches deep, and in doing so slipped and fell, severely burning his foot and leg.

We reject the plaintiff's contention that the court should have applied Labor Law § 240 (1) rather than Labor Law § 241

(6) to the instant case *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513). Labor Law § 240 (1), which imposes absolute liability, is addressed to situations in which a worker is exposed to the risk of falling from an elevated worksite or being hit by an object falling from an elevated worksite *(see, Siragusa v State of New York,* 117 AD2d 986, 987). Workers exposed to the usual dangers of construction are covered by Labor Law § 241 (6) *(see, Yaeger v New York Tel. Co.,* 148 AD2d 308). While Labor Law § 240 (1) is to be liberally construed *(see, Zimmer v Chemung County Performing Arts, supra,* at 520-521), it was not intended to protect workers who fall from so miniscule a height as 12 inches.

Additionally, the jury verdict was not against the weight of the evidence. It is well settled that an appellate court may not set aside a jury's verdict as being against the weight of the evidence unless it finds that the jury could not have reached its verdict upon any fair interpretation of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 498; *Nicastro v Park,* 113 AD2d 129, 136). In the instant case, there was evidence that planking supplied to the site was not used for its intended purposes by the workers. Additionally, there was evidence that the plaintiff was aware of the risk the trough presented and had crossed it many times. Moreover, there was evidence that it may not have even been necessary for the plaintiff to cross the trough when he fell while attempting to do. From this, as well as other evidence, the jury certainly could have fairly concluded that the plaintiff was 90% at fault in the happening of the accident.

However, the court should have dismissed the third-party complaint. Pursuant to the terms of the contract between Consolidated Edison Company and King Insulation Company, Incorporated, the latter agreed to indemnify the former for all liability for personal injury arising out of the work done. In addition, King Insulation Company, Incorporated, was required to maintain not only its statutory workers' compensation insurance, but, additionally, a general liability insurance policy naming Consolidated Edison Company as an additional insured. In furtherance of this obligation, King Insulation Company, Incorporated, obtained $500,000 of general liability coverage, and $5,000,000 of excess liability coverage.

By requiring the procurement of insurance naming itself as an additional insured, Consolidated Edison Company waived any right to common-law contribution or indemnification up to the limits of the policy *(see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465; *Michalak v Consolidated*

*Edison Co.,* 166 AD2d 213). Since the award to the plaintiff against the Consolidated Edison Company was far less than the limits of the policy, the third-party complaint is dismissed. Mangano, P. J., Thompson, Sullivan and Rosenblatt, JJ., concur.