DANIEL J. FOWLER et al., Plaintiffs, v STILLWATER ASSOCIATES, LTD., et al., Defendants and Third-Party Plaintiffs-Respondents. LAQUIDARA, INC., Third-Party Defendant-Appellant.

Fourth Department, July 12, 1991

APPEARANCES OF COUNSEL

*Herzfeld & Rubin, P. C. (Herbert Rubin, David B. Hamm* and *Miriam Skolnick* of counsel), for appellants.

*O'Shea, McDonald, Lascurettes & Stevens (Gerald McDonald* of counsel), for respondents.

## OPINION OF THE COURT

LOWERY, J.

On December 23, 1986, plaintiff Daniel Fowler suffered a work-related injury while he was employed by third-party defendant Laquidara, Inc. (Laquidara) at the Stillwater Reservoir project. Laquidara was the subcontractor of defendant Stillwater Associates (Stillwater), the general contractor and owner of the subject premises. In the contract between them, Laquidara agreed to indemnify and to hold Stillwater harmless for any damages arising out of its work. Laquidara also agreed to maintain general liability insurance to protect Stillwater from any liability for, among other things, claims by Laquidara's employees arising from bodily injury. Laquidara procured the necessary insurance coverage from Firemens Insurance Company of Newark (Firemens).

After plaintiffs brought this personal injury action against Stillwater, Firemens, as required by the parties' contract and Laquidara's Firemens' policy, assumed Stillwater's defense. Firemens then brought a third-party action for contribution and common-law indemnification against Laquidara, which was defended by its worker's compensation and employer's liability carrier, State Insurance Fund (SIF).

During the trial of this matter, the parties reached a stipulation of settlement, which was placed on the record on October 18, 1990. Pursuant to the settlement, plaintiffs were to receive $400,000, and defendants agreed to waive the worker's compensation lien ($63,000 as of that date) against plaintiff but not against each other. The stipulation also apportioned fault: 15% to Stillwater and 85% to Laquidara. However, the parties could not determine how to apportion the cost of the settlement between the insurers, Firemens (representing Stillwater) and SIF (representing Laquidara), and this issue was submitted to the court for resolution. Supreme Court determined that both insurers had insured the same risk and, therefore, should share the burden of the settlement. We disagree.

It is well settled that an insurer has no right of subrogation

against its own insured for any claim arising from the very risk for which the insurer contracted to provide coverage *(see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 468).* Although this is not a typical subrogation situation, Firemens, the general liability carrier, is attempting to recover against its own insured, Laquidara, for a claim arising from the very risk for which Firemens agreed to provide coverage. As a matter of law and public policy, Firemens cannot assert such a claim against its own insured *(see, Michalak v Consolidated Edison Co.,* 166 AD2d 213; *see also, Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra,* at 468-471; *Feller v Sano-Rubin Constr. Co.,* 82 Misc 2d 890, 891). Thus, Firemens is responsible for the entire cost of the settlement, as well as for the worker's compensation lien.

The order of Supreme Court should be modified accordingly.

CALLAHAN, J. P., DOERR, DENMAN and GREEN, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, with costs to third-party defendant.