■ Frank Goffredo, Jr., Plaintiff, v Bay Street Landing Associates et al., Defendants and Third-Party Plaintiffs-Respondents. Blueprint Plumbing Corporation, Third-Party Defendant-Appellant

The appellant Blueprint Plumbing Corporation (hereinafter Blueprint) entered into a contract for plumbing and sprinkler work with the owner of a construction project, Bay Street Landing Associates, and the general contractor Tishman Construction Corporation (hereinafter referred to collectively as

the Bay Street/Tishman defendants). Under the terms of the contract, Blueprint agreed to indemnify the Bay Street/Tishman defendants against all claims for bodily injury caused by its negligence or that of the Bay Street/Tishman defendants, except in instances where injuries were caused solely by the negligence of the Bay Street/Tishman defendants. The contract further provided that this indemnification obligation was "in addition to any rights to indemnification which may exist at law". The contract, together with an insurance rider, required Blueprint to maintain comprehensive general liability insurance coverage in the amount of $10,000,000 and to include the Bay/Tishman defendants as additional insureds. The rider provided that this insurance coverage would not relieve Blueprint of "any responsibility or liability under this contract".

Pursuant to the contract, Blueprint obtained primary insurance coverage in the amount of $500,000 and two excess liability policies, each affording coverage of $5,000,000. In 1985, the plaintiff, an employee of Blueprint, was injured at the site and commenced an action against the Bay/Tishman defendants seeking $1,000,000 in damages. The Bay/Tishman defendants then commenced a third-party action against Blueprint with causes of action based on common-law indemnification, contribution and contractual indemnification. Blueprint moved to dismiss the third-party complaint on the ground that any award of damages against the Bay/Tishman defendants would be fully covered by the insurance policies. The Bay/Tishman defendants disputed the claim that the insurance coverage was sufficient since the insurer providing the first layer of excess coverage up to a limit of $5,000,000 had gone into liquidation.

The record presents a factual issue as to whether the parties intended the contractual provision, which required Blueprint to obtain insurance coverage naming the Bay/Tishman defendants as additional insureds, to fully discharge Blueprint's obligation to indemnify the Bay/Tishman defendants. Blueprint argues that the requirement that it obtain this insurance coverage was meant to satisfy its indemnification obligation, and the Bay/Tishman defendants cannot attempt to recover against it prior to the exhaustion of that coverage. Blueprint suggests that to hold otherwise would permit the insurance carriers to recover against it for a claim arising from the very risk for which it obtained coverage (see, Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465). The Bay/Tishman defendants' contention is that the obliga-

tion to obtain insurance coverage did not discharge Blueprint's indemnification obligation because the contract provides that the insurance coverage would not relieve Blueprint of any other liability under the contract; in the event that the insurance carriers fail to fully cover its loss to the plaintiff, the Bay/Tishman defendants could seek indemnification from Blueprint. We find that, since the dispute cannot be resolved on this record, Blueprint was not entitled to a dismissal of the contractual indemnification cause of action. Furthermore, even if Blueprint's interpretation of the contract were correct, dismissal of the cause of action at this stage of the proceedings would be premature, since there is a question as to the amount of insurance coverage available.

We further find that the court properly denied Blueprint's motion to dismiss the causes of action sounding in common-law indemnification and contribution. Since the Bay/Tishman defendants were named as additional insured on the policies, they cannot recover against Blueprint based on common-law indemnification or contribution until that insurance coverage is exhausted (see, Leaseway of Cent. N. Y. v Climax Mfg. Co., 81 AD2d 1038, affd 54 NY2d 822; see also, Rocovich v Consolidated Edison Co., 167 AD2d 524, affd 78 NY2d 509; Michalak v Consolidated Edison Co., 166 AD2d 213). Nevertheless, there is a question as to whether the insurance policies will be sufficient to cover any judgment granted in the plaintiff's favor which precludes dismissal of these causes of action. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.