■ FLORA VALENTIN, as Administratrix Ad Prosequendum of the Estate of JULIO FELICIANO, Deceased, Plaintiff, v CITY OF NEW YORK et al., Appellants and Third-Party Plaintiffs-Appellants. EMD CONSTRUCTION CORP., Third-Party Defendant-Respondent.—Judgment of the Supreme Court, New York County (Alice Schlesinger, J.), entered on April 15, 1992, which granted the motion by third-party defendant EMD Construction Corp. to dismiss the third-party complaint without prejudice to the commencement of a new action for indemnification/contribution in the event that defendants and third-party plaintiffs, the City of New York and the New York City Board of Education, are found liable in an amount in excess of $3 million, is unanimously modified on the law to the extent of denying the motion insofar as it seeks dismissal of the claim by third-party plaintiffs for indemnification/contribution in excess of $3 million and otherwise affirmed, without costs or disbursements.

This action arises out of an accident in which plaintiff's decedent, an employee of third-party defendant EMD Construction Corp., was killed when he fell off the roof of a school building while engaged on a construction project. A suit alleging negligence and breach of statutory duty was subsequently commenced against defendants, the City of New York and the New York City Board of Education, the owner and operator of the building. Defendants thereafter impleaded EMD for common-law indemnity, as well as contribution, on

the ground that EMD was solely responsible for failing to provide a safe place to work. It should be noted that pursuant to the contract between EMD and the Board of Education, EMD obtained for defendants' benefit a liability insurance policy with National Union Fire Insurance Company of Pittsburgh, which has a $3 million limit for personal injury and property damage for each occurrence. In addition, EMD purchased another policy from National Union covering its own liabilities. Consequently, EMD moved for summary judgment dismissing the third-party complaint against it, contending that defendants were not entitled to indemnification/contribution in view of the existence of the insurance policy in their favor.

The Supreme Court appropriately found that *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (68 NY2d 465) and *Michalak v Consolidated Edison Co.* (166 AD2d 213, *lv dismissed* 77 NY2d 989) preclude third-party plaintiffs' claim for indemnification/contribution against third-party defendant up to the limit of the insurance policy procured by EMD for third-party plaintiffs. The law is settled that by requiring the acquisition of insurance on their behalf, third-party plaintiffs have waived any right of common-law indemnity up to the limit of the subject policy *(Michalak v Consolidated Edison Co., supra,* at 214). As the Court of Appeals stated in *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (68 NY2d 465, 468, *supra),* "[a]n insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered. This rule applies even where the insured has expressly agreed to indemnify the party from whom the insurer's rights are derived and has procured separate insurance covering the same risk" *(see also, Fowler v Stillwater Assocs.,* 169 AD2d 226). If third-party plaintiffs were permitted to maintain their action against EMD to the extent that they seek indemnification/contribution for the $3 million worth of protection afforded by the insurance policy, they would be compelling National Union to demand subrogation from its own insured, EMD, for exactly the sort of claim for which EMD purchased the policy in the first place.

None of the cases cited by third-party plaintiffs, such as *Hawthorne v South Bronx Community Corp.* (78 NY2d 433), *Hartford Acc. & Indem. Co. v Michigan Mut. Ins. Co.* (61 NY2d 569), or *Rocovich v Consolidated Edison Co.* (167 AD2d 524, *affd* 78 NY2d 509), support the proposition urged by them that a different result is indicated herein since third-party plaintiffs are insured under a separate contract rather than as

additional insured under the same policy. In that regard, there is simply no authority that would restrict the clear holding of the Court of Appeals in *Pennsylvania Gen. Ins. Co. v Austin Powder Co. (supra)* to a single policy, and, indeed, the broad language therein undercuts the contention to that effect by third-party plaintiffs.

However, as third-party plaintiffs seek to recover an amount in excess of the policy limitations, the third-party claim should have been dismissed only insofar as it requests indemnification/contribution for the amount covered by the insurance obtained by EMD *(see, Goffredo v Bay St. Landing Assocs.,* 179 AD2d 799). Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.