■ EDWARD GARCIA, Appellant, v NORTHCREST APARTMENTS CORP. et al., Respondents, et al., Defendant. [806 NYS2d 44]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered February 23, 2005, which granted defendants' motions for summary judgment dismissing the consolidated complaint as against them, unanimously affirmed, without costs.

Plaintiff was injured while, in the course of his employment as a police officer, he gave chase to a suspect who scaled a 10-

foot-high chain-link fence located atop a 10-foot-high retaining wall in the rear of the yard owned by Ibrahim. Plaintiff followed the suspect; however, when he reached the top of the fence, one of the three supporting poles snapped, causing him to fall to the ground. The pole in question lies partially on the adjoining properties owned by Ibrahim and Torres.

Where injuries are sustained as a result of an alleged failure to maintain property in a reasonably safe condition, liability is governed by "the . . . standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability" (*Basso v Miller*, 40 NY2d 233, 241 [1976]). On this record, we find, as a matter of law, that defendants could not reasonably foresee that plaintiff would scale a barrier measuring 20 feet high, apply his substantial weight to a pole, and injure himself in the process (*Addolorato v Safeguard Chem. Corp.*, 177 AD2d 680 [1991]).

We further agree with the motion court that the evidence presented fails to show that either Ibrahim or Torres had actual notice of the alleged defective condition of the pole. Moreover, the appearance of rust, standing alone, is insufficient to establish constructive notice of the alleged defect (*Rapino v City of New York*, 299 AD2d 470 [2002], *lv denied* 100 NY2d 506 [2003]; *see also Wedlock v Troncoso*, 185 Misc 2d 432 [2000]). Plaintiff's expert's conclusion that the "fence was dangerous and hazardous to users and should have been properly maintained" is speculative and insufficient to withstand summary judgment. There lacks an explanation of what tests, if any, were performed upon the fence and pole, the specific standards and code requirements of fence strength which were relied upon, and the industry standards regarding fence strength and durability that were applied to become the bases of the expert's conclusions. On the basis of such affidavit, plaintiff's additional assertions that defendants violated certain sections of the Administrative Code of the City of New York are not sufficient to hold the property owners liable under General Municipal Law § 205-e. Specifically, we find inapplicable Administrative Code §§ 27-127, 27-128 and 27-267, which require, respectively, that the owner be responsible for the safe maintenance of the building, its parts and facilities; that unsafe structures, including fences, be removed or made safe; and that structures be constructed, equipped and maintained to meet the requirements of the Administrative Code commensurate with the fire and life hazard incidental to their use. Concur—Mazzarelli, J.P., Saxe, Sweeny, Catterson and Malone, JJ.