■ THE RESIDENTIAL BOARD OF MANAGERS OF PLATINUM, Respondent, v 46TH STREET DEVELOPMENT, LLC, et al., Defendants. (And a Third-Party Action.) PLAZA CONSTRUCTION LLC, Formerly Known as PLAZA CONSTRUCTION CORP., Second Third-Party Plaintiff-Respondent, v DEL SALVIO MASONRY CORP. et al., Second Third-Party Defendants, and V.A.L. FLOORS, INC., Second Third-Party Defendant-Appellant. [62 NYS3d 99]—

Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered on or about July 22, 2016, which denied the motion of second third-party defendant V.A.L. Floors, Inc. to dismiss the second third-party complaint as against it, unanimously affirmed, without costs.

V.A.L.'s contention that the second third-party complaint is time-barred is without merit. "The statute of limitations on a claim for indemnity or contribution accrues only when the

person seeking indemnity or contribution has paid the underlying claim" (*Tedesco v A.P. Green Indus., Inc.*, 8 NY3d 243, 247 [2007]). There is no indication in the record that second third-party plaintiff (who is also a third-party defendant) has paid anything to third-party plaintiff. Thus, its time to sue "has not even begun to run" (*Varo, Inc. v Alvis PLC*, 261 AD2d 262, 265 [1st Dept 1999], *lv denied* 95 NY2d 767 [2000]).

While it would have been better practice for V.A.L. to have explicitly made its motion pursuant to CPLR 3211 (a) (1) and/or (7) in addition to paragraph (5), it did argue in its moving papers that its contract cannot reasonably be construed to require it to indemnify second third-party plaintiff. Accordingly, we will consider this contention, and we find it unavailing. In *Inman v Binghamton Hous. Auth.* (3 NY2d 137 [1957]), on which V.A.L. relies, the plaintiff complained about the design of a stoop, rear door, and step (i.e., the architects' work), not about how they were built (the builder's responsibility) (*see id.* at 143). Since the claims "did not arise from any defect in workmanship or in any material used" (*id.* at 147), the indemnification clause, which limited the builder's obligation "to injuries 'arising out of or in connection with the . . . Work,' " did not apply (*id.*). By contrast, if V.A.L. is eventually obliged to indemnify second third-party plaintiff, the indemnification will have to arise out of defects in the wood flooring, which was V.A.L.'s work.

In its reply brief below, V.A.L. contended that a survey prepared by nonparty RAND Engineering & Architecture showed that any problems with the wood floors were caused by water infiltration, not by defects in its work. However, an argument that is not raised until a reply brief should not be considered (*see e.g. Travelers Indem. Co. v LLJV Dev. Corp.*, 227 AD2d 151, 154 [1st Dept 1996]). Were we to reach the merits, we would find that, assuming the RAND survey constituted documentary evidence, it did not "conclusively establish[ ] a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). Concur—Friedman, J.P., Manzanet-Daniels, Kapnick, Kern and Singh, JJ.