Bruno v T-Mobile, USA, Inc. (2019 NY Slip Op 07763)





Bruno v T-Mobile, USA, Inc.


2019 NY Slip Op 07763


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-00322
 (Index No. 9990/11)

[*1]Randal Bruno, appellant,
v
T-Mobile, USA, Inc., et al., respondents.


Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellant.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Daniel Y. Sohnen of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 28, 2016. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 30, 2010, the plaintiff, a maintenance technician employed by nonparty New York Historical Society, allegedly sustained injuries when he tripped or slipped on a "step-over" on the roof of a building owned by New York Historical Society. The defendant T-Mobile, USA, Inc. (hereinafter T-Mobile), as successor in interest to the defendant Omnipoint Communications, Inc. (hereinafter Omnipoint), leased a portion of the roof for purposes of housing a radio equipment cabinet and antenna. At the time of the accident, the plaintiff was escorting a T-Mobile worker in gaining access to equipment located on the roof.
Thereafter, the plaintiff commenced two separate actions to recover damages for personal injuries, and the actions were subsequently consolidated. The defendants moved for summary judgment dismissing the complaint asserted against T-Mobile and the amended complaint asserted against Omnipoint. In the order appealed from, the Supreme Court granted the defendants' motion. The plaintiff appeals from so much of the order as granted those branches of the defendants' motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action.
To demonstrate prima facie entitlement to judgment as a matter of law in a premises liability case, a defendant must establish that it did not create the condition that allegedly caused the injury or have actual or constructive notice of that condition (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Hoffman v Brown, 109 AD3d 791, 792). Similarly, a defendant who is alleged to have violated Labor Law § 200 based upon a dangerous or defective condition on work premises may establish its prima facie entitlement to judgment as a matter of law by [*2]demonstrating that it did not have control over the work site, or that it did not create or have actual or constructive notice of the alleged dangerous or defective condition (see Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 997; Abelleira v City of New York, 120 AD3d 1163; Bruno v Board of Educ. of Cent. School Dist. #5, 74 AD3d 1114).
Here, the defendants demonstrated, prima facie, that the step-over was not in a dangerous of defective condition, and that, in any event, the defendants did not create or have actual or constructive notice of any alleged dangerous or defective condition of the step-over. Therefore, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the common-law negligence and Labor Law § 200 causes of action.
The conclusory affidavit of the plaintiff's expert, who relied upon violations of inapplicable code provisions, was insufficient to raise a triable issue of fact (see Fishelson v Kramer Props., LLC, 133 AD3d 706; Garcia v Northcrest Apts. Corp., 24 AD3d 208).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the defendants' motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action.
LEVENTHAL, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court