Costanzo v American Academy of Dramatic Arts (2025 NY Slip Op 05298)

Costanzo v American Academy of Dramatic Arts

2025 NY Slip Op 05298

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 160453/17|Appeal No. 4824|Case No. 2024-03861|

[*1]Daniel Costanzo, Plaintiff-Appellant-Respondent,
v
The American Academy of Dramatic Arts, Defendant-Respondent-Appellant.

Grandelli & Eskenasi, New York (Louis Grandelli of counsel), for appellant-respondent.
Kahana & Feld LLP, New York (Michael J. Curtis of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about June 10, 2024, which denied plaintiff's motion for partial summary judgment on the issue of defendant's liability and denied defendant's cross-motion for summary judgment dismissing the amended verified complaint, unanimously affirmed, without costs.
Plaintiff's motion for summary judgment on liability was properly denied. Plaintiff failed to meet his prima facie burden, and triable issues of fact exist as to whether defendant had actual notice of the alleged defective stairs. The record shows there were no complaints or other incidents prior to plaintiff's accident (see Perez v River Park Bronx Apts., Inc., 168 AD3d 465, 465 [1st Dept 2019]; Vasquez v Nealco Towers LLC, 160 AD3d 496, 496 [1st Dept 2018]) and there were no violations issued for the stairs prior to the accident (see Johnson v Wythe Place, LLC, 134 AD3d 569, 569 [1st Dept 2015]). The testimony of defendant's superintendent that he had observed rust on the metal portion of the stairs before plaintiff's accident did not establish that defendant received actual notice that the wood tread itself was defective when plaintiff stepped on it.
Triable issues of fact also exist as to whether defendant had constructive notice of the alleged defect before the accident. Although rust and corrosion of the metal stair frame was readily observable, plaintiff's expert's opinion that those conditions helped create the conditions that caused the subject wood tread to crack was speculative (see Serna v 898 Corp., 90 AD3d 560, 560-561 [1st Dept 2011]; Hayes v Riverbend Hous. Co., Inc., 40 AD3d 500, 500 [1st Dept 2007] ["Mere notice of a general or unrelated problem is not enough; the particular defect that caused the damage must have been apparent"], lv denied 9 NY3d 809 [2007]; Garcia v Northcrest Apts. Corp., 24 AD3d 208, 209 [1st Dept 2005]). Plaintiff's expert's opinion that defendant's repairs to the stairs in the 2000s caused the alleged defect was also speculative, and, in any event, improperly raised for the first time in opposition to defendant's cross-motion. Plaintiff made no showing that a reasonable inspection would have disclosed a defect in the subject wood tread in advance of the accident (see Salinas v Dorrian's Rest. Bar, 205 AD3d 439, 439 [1st Dept 2022]).
Defendant also failed to demonstrate its prima facie entitlement to summary judgment. Defendant argued that it demonstrated lack of notice of the alleged defect because the stairs were in regular use up until the accident, with no complaint of any defect, and that the alleged defect in that tread was latent and undiscoverable by any reasonable inspection. However, defendant failed to establish that the alleged defect was undiscoverable and, further, never performed inspections of the stairs (see Sanders v Morris Hgts. Mews Assoc., 69 AD3d 432, 433 [1st Dept 2010]). Defendant cannot rely on the standpipe inspection conducted by the New York City Fire Department the day before the accident or the annual boiler inspection performed by the building's insurance company, because neither included an inspection of the stairs.
Plaintiff's argument that res ipsa loquitur applies to the accident was improperly raised in the reply papers on his summary judgment motion (see Residential Bd. of Mgrs. of Platinum v 46th St. Dev., LLC, 154 AD3d 422, 423 [1st Dept 2017] ["an argument that is not raised until a reply brief should not be considered"]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025