■ ZURICH-AMERICAN INSURANCE COMPANY, Appellant, v MEAD REINSURANCE CORPORATION, Respondent.—Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 28, 1989, which denied plaintiff's motion for summary judgment, unanimously modified, on the law, to the extent of granting summary judgment in defendant's favor and declaring that defendant has no obligation to indemnify or reimburse plaintiff for any portion of amounts plaintiff contributed to the settlement of the underlying action, and the order is otherwise affirmed, with costs.

A vehicle owned by Mendon Leasing and leased by Bowcraft Trimming Co. caused serious physical injury to a pedestrian in New York County in June 1981. Plaintiff covered the lessee under a $500,000 business automobile liability policy. Mendon Leasing was covered for this accident by three policies—a $150,000 primary policy; an $850,000 policy in excess of the primary tier issued by Ambassador Insurance Company; and defendant's $1,000,000 excess policy over the two other Mendon policies. Defendant's policy provided, "this Policy will apply in excess of reduced underlying insurance provided such reduction in the underlying insurance is solely the result of accidents or occurrences happening after the inception date of this policy". In November 1983, Ambassador Insurance Company was placed in rehabilitation and in September 1984, declared insolvent. The underlying action by the injured pedestrian was settled for $300,000, an amount stipulated by the

insurers in this action to be a reasonable one. The primary insurers of the vehicle's owner and lessee each contributed $150,000 to the settlement, with the lessee's primary insurer (plaintiff herein) reserving all rights against Mead.

The Supreme Court properly rejected plaintiff's contention that defendant's coverage "dropped down" upon Ambassador's insolvency on the basis that such reduction in the underlying insurance was not "solely the result of accidents or occurrences happening after the inception date of this policy". Plaintiff's theory supporting its request for a declaratory judgment being insufficient, summary judgment and a declaration in favor of defendant should have issued. (See, Lanza v Wagner, 11 NY2d 317.) Concur—Rosenberger, J. P., Kassal, Ellerin, Smith and Rubin, JJ.