■ AMBASSADOR ASSOCIATES et al., Appellants, v JAMES P. CORCORAN, as Superintendent of the New York State Insur-

ance Department, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (David B. Saxe, J.), entered July 6, 1989, denying plaintiffs' motion for summary judgment and granting defendant the Home Insurance Company's cross motion for summary judgment, to the extent of declaring that the terms of a certain insurance policy do not require said defendant to, *inter alia,* "drop down" coverage for a loss of less than $11,000,000, unanimously affirmed, with costs. Order of the same court, entered January 5, 1990, denying plaintiffs' motion for renewal and/or reargument, unanimously affirmed, without costs.

A fire at premises owned by plaintiffs, resulting in serious injuries to tenants therein, precipitated a separate action against plaintiffs seeking damages in excess of $25 million. Plaintiffs maintained a $1 million general liability policy with Public Service Mutual Insurance Company, a $10 million umbrella policy with Mission Insurance Company and a $15 million excess insurance policy with defendant Home. Plaintiffs, in their action for a declaratory judgment, sought summary judgment declaring that defendant Home was required to "drop down" the limits of its excess policy below the underlying amount of insurance of $10 million, due to Mission's insolvency. Home sought summary judgment that the policy did not require that result.

Contrary to plaintiffs' claims, the Home policy presents no ambiguities. It specifically provides Home would make payments on behalf of the insured in an amount in excess of the underlying insurance, set forth as $10 million, the amount of Mission's policy. The agreement thereby fixes Home's obligation at that amount. No other interpretation is reasonable, absent language that Home would pay losses on behalf of plaintiffs in excess of collectible underlying insurance. *(Zurich-American Ins. Co. v Mead Reinsurance Corp.,* 161 AD2d 403; *Pergament Distribs. v Old Republic Ins. Co.,* 128 AD2d 760, *lv denied* 70 NY2d 607.) The phrase "other valid and collectible insurance" used in the policy definition of "Ultimate Net Loss" refers to other insurance as, for example, other excess insurance in the same layer of coverage, which would reduce the amount due under Home's policy, not the underlying insurance. *(See, Pergament Distribs. v Old Republic Ins. Co., supra,* at 761.)

Plaintiffs' remaining contentions are without merit. Concur —Murphy, J. P., Sullivan, Carro, Milonas and Rubin, JJ. *[See,* 143 Misc 2d 706.]