OPINION OF THE COURT
Simons, J.
This appeal involves a dispute between two insurers, both of whom insured a subcontractor held liable to indemnify the owner and general contractor for injuries sustained by one of the subcontractor’s employees. One insurer provided coverage for contractual indemnity and the other provided coverage for common-law indemnity. The issue is whether the existence of an insured’s contractual duty to indemnify supersedes a common-law duty to indemnify and thereby relieves the insurer of the latter risk from liability on its policy. The Appellate Division found that contractual and common-law indemnity liability may coexist so that an insured who sustains a loss due to an indemnification obligation on both grounds is entitled to coverage from both insurers. We agree and, therefore, affirm.
Defendant Anthony Marino Construction Corp. was the general contractor for the construction of a housing project owned by defendant, Judge Gilbert Ramirez Housing Development Fund Company, Inc. Bri-Den Construction Co., Inc. was a subcontractor. Plaintiff Clordia Hawthorne, an employee of Bri-Den, was injured while working at the construction site and instituted this action for damages against the owner and the general contractor. They impleaded Bri-Den seeking contribution and common-law and contractual indemnification. After defendants settled the Hawthorne action, a dispute arose between Bri-Den’s two insurers, State Insurance Fund and Zurich-American Insurance Companies, over which was responsible for indemnifying defendants for the Hawthorne settlement.
In submitting the dispute for resolution, the insurers have stipulated that Bri-Den was 100% at fault for Hawthorne’s injuries, that the owner and general contractor were not at fault but absolutely liable under Labor Law § 240 (1), and that Bri-Den is liable to the owner and general contractor under principles of both common-law and contractual indemnity.
They also have submitted the insurance policies and the contract. By the policies State Insurance Fund insured BriDen for worker’s compensation and employer’s liability risks, *436 including coverage for "liability imposed upon [Bri-Den] by Law”, but specifically excluded coverage for liability assumed by plaintiff under any contract. Zurich-American Insurance Companies insured Bri-Den under a comprehensive general liability insurance policy affording coverage for loss sustained due to contractual indemnification liability, but the policy excluded coverage for common-law indemnification liability. In the construction contract between Bri-Den and the general contractor, Bri-Den obligated itself to:
"save harmless the Contractor and/or Owner from and against any and all loss and/or expense which they or either of them may suffer or pay as a result of claims or suits due to, because of, or arising out of any and all such injuries, deaths and/or damage irrespective of the fact that the Contractor and/or Owner has contributed thereto or is the cause thereof’.
Based upon these facts, State Fund contends that Bri-Den had a contractual duty to indemnify the general contractor and the owner against its negligence. The Appellate Division so held and we agree (see, Brown v Two Exch. Plaza Partners, 76 NY2d 172). State Fund next claims that a contractual duty to indemnify cannot coexist with a common-law duty to indemnify, but rather supersedes it. Its claim stems from its characterization of common-law indemnification liability as quasi-contractual in nature, and from its assumption that quasi contracts are not implicated when express contracts exist. Consequently, State Fund argues that plaintiff’s express contractual indemnification liability precludes it from being liable for common-law indemnification so that plaintiff’s loss does not fall within State Fund’s coverage.
State Fund further asserts that even if contractual and common-law indemnification liability can coexist, the existence of the contractual hold-harmless provision, coupled with the contract’s requirement that Bri-Den obtain comprehensive general liability insurance, evidences a clear intent by the parties to allocate the risk of loss to Zurich, the contractual liability insurer and, therefore, Zurich should be solely responsible for paying the settlement, as the parties intended.
Zurich maintains that common-law liability and contractual liability may coexist and that plaintiff had both a common-law and a contractual duty to indemnify. Inasmuch as Zurich covered plaintiff for the contractual duty and State Fund *437 covered plaintiff for the common-law duty, it claims the two insurance companies should bear the loss equally.
In the absence of the contract provision, Bri-Den had a common-law duty to indemnify the owner and general contractor because it bore full responsibility for the accident. Placing an indemnity provision in the contract did not alter that common-law duty, for the mere existence of an indemnity provision does not indicate an intent to replace common-law liability with contractual liability. It merely shows that BriDen was assuring the owner and general contractor that they would not sustain loss on account of injuries occurring at the construction site through Bri-Den’s fault (see, United States Fid. & Guar. Co. v Virginia Eng’g Co., 213 F2d 109, 115). Under the facts presented, both a contractual duty and a common-law duty to indemnify existed, with the common-law duty depending not on contract, but on the fact that the owner and general contractor have been held vicariously liable, without fault, for Bri-Den’s negligence (Dairylea Coop. v Rossal, 64 NY2d 1, 8-9; see also, United States Steel Corp. v Hartford Acc. & Indent. Co., 511 F2d 96, 99; Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co., 136 AD2d 246, 248; Interstate Motor Frgt. Sys. v Michigan Mut. Liab. Co., 87 AD2d 715, 716; Modem Scaffold Co. v Karell Realty Corp., 28 AD2d 581).
An issue similar to the one now before us was presented in O’Dowd v American Sur. Co. (3 NY2d 347). In that case, a child injured at a construction site recovered from the owner and contractors. The owner satisfied the judgment, but obtained a judgment over against the contractors upon a contract of indemnity. The insurer of one of the contractors resisted payment claiming its insurance policy did not cover any contractual liability the contractor had to the owner. We found that the existence of the contract of indemnity did not foreclose the possibility of a common-law right to indemnity; both may exist independent of the other.
There is no reason why the same should not hold true here, where separate insurance policies are issued to cover both contractual and common-law liability. Had the Zurich policy not existed, State Fund would be required to indemnify its insured under the authority of O’Dowd and there is little to be said for a rule permitting an insurer, who was provided coverage for common-law liability, to receive windfall relief from its duty to pay its insured merely because the insured also obtained a policy covering contractually assumed obliga *438 tians. In sum, where the facts of the case are such that the insured’s liability exists on one theory as well as another and one of the theories results in liability within the coverage, the insured may avail itself of the coverage (Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co., 136 AD2d 246, 248, supra). Having paid for coverage of its common-law liability, the insured should not be deprived of that coverage solely because it also has obtained coverage for contractual indemnity.
Absent the Zurich policy, State Fund would have been obligated to indemnify its insured in full. Likewise, Zurich would have paid all of plaintiffs liability had the State Fund policy not existed. Where both policies exist, and coverage limitations are not implicated, each insurance company is equally responsible for indemnifying their insured.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
Order affirmed, with costs.