■ TULLIO VIOLA et al., Plaintiffs, v GREAT NECK WATER POLLUTION CONTROL DISTRICT, Defendant and Third-Party Plaintiff-Appellant. NAB CONSTRUCTION CORP., Third-Party Defendant-Respondent. [610 NYS2d 189] —Order, Supreme Court, Nassau County (Angelo D. Roncallo, J.), entered on or about February 19, 1992, which granted third-party defendant's motion for summary judgment dismissing the third-party complaint to the extent damages were sought not exceeding the limits of the insurance policies obtained by third-party defendant, stayed the third-party action to the extent damages were sought exceeding such limits, and denied third-party plaintiff's cross motion to amend its complaint, unanimously affirmed, without costs.

We disagree with third-party plaintiff that *Hawthorne v South Bronx Community Corp.* (78 NY2d 433) undermines our decision in *Michalak v Consolidated Edison Co.* (166 AD2d

213, *lv dismissed* 77 NY2d 989) prohibiting common-law indemnification where a landowner indemnitee is named as an additional insured on a policy procured by a contractor indemnitor pursuant to the parties' contract, on the ground that to permit such would be to allow the insurer a right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered *(see also, Rocovich v Consolidated Edison Co.,* 167 AD2d 524, *affd on other grounds* 78 NY2d 509; *see generally, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465). *Hawthorne (supra)* is distinguishable since there the contractor was not required by contract to obtain insurance on behalf of the owner but merely to save the owner harmless against its own negligence, and had two separate policies, one for common-law indemnification and the other for contractual indemnification, neither of which named the owner as an additional insured. The Court of Appeals held that each insurer was equally responsible for indemnifying the owner, but clearly the antisubrogation rule was not implicated *(compare, North Star Reins. Corp. v Continential Ins. Co.,* 82 NY2d 281, 294-296). We have considered third-party plaintiff's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Tom, JJ.