■ JEFFREY WASHINGTON, Plaintiff, v NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY, Defendant and Third-Party Plaintiff-Respondent. PAR PAR CONTRACTING, INC., Third-Party Defendant-Appellant. [627 NYS2d 343] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered August 4, 1994, to the extent that it denied third-party defendant Par Par Contracting's motion for summary judgment, unani-

mously reversed, on the law, without costs and the third-party action is dismissed insofar as related to insurance coverage provided by National Casualty Company.

Defendant third-party plaintiff New York City Industrial Development Agency ("IDA") leased Manhattan premises to the American Society for the Prevention of Cruelty to Animals ("ASPCA"). In conjunction with a project to construct new corporate headquarters, ASPCA contracted with third-party defendant Par Par in 1990 for demolition at the site. Under the contract, Par Par undertook a broad obligation to indemnify and hold both ASPCA and IDA harmless as against all claims arising out of the work, and agreed to purchase primary liability insurance naming those parties, among others, as additional insureds. Par Par thereafter purchased a $1,000,000 general liability insurance policy from National Casualty pursuant to the contract. In addition, Par Par maintained its own Workers' Compensation and Employer's Liability coverage through a policy issued by the State Insurance Fund.

When plaintiff, Par Par's employee, was injured on the job, he sued IDA, whose defense was undertaken by National Casualty, as required under the policy. IDA then brought the subject third-party action against Par Par, asserting claims only for common law contribution and indemnification under the latter's State Insurance Fund coverage. Inasmuch as National Casualty is the real party at interest in both the main and third-party actions, the latter proceeding should have been dismissed as barred under the antisubrogation rule, which prohibits an insurer's subrogated action against its own insured for a claim arising from the very risk for which the insured was covered.

Where an insured has expressly agreed to indemnify the party from whom the insurer's rights are derived and has procured separate insurance covering the same risk, such a private contractual arrangement must still yield to a stronger public interest that assures integrity between an insurer and its policyholders, and avoids even the potential for conflict of interest (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465). Even where the impleaded insured maintains separate ("common law") liability insurance outside the contract, a claim for subrogation under that coverage is barred if it still arises from the same risk for which the insured was covered under the contractual policy (*Valentin v City of New York*, 82 NY2d 281; *Aetna Cas. & Sur. Co. v Greater N. Y.*

*Mut. Ins. Co.,* 205 AD2d 433). While there are instances where separate policies for contractual and common law indemnity liability may coexist *(see, Hawthorne v South Bronx Community Corp.,* 78 NY2d 433), that coexistence will not permit an insurer to pursue a claim of subrogation against its own insured for a claim arising from the very risk for which that insured purchased insurance *(Viola v Great Neck Water Pollution Control Dist.,* 202 AD2d 363).

IDA's belated denomination of this third-party action (on National Casualty's behalf) as one for declaratory judgment aimed at Par Par's common law insurer does not avoid the same potential conflict of interest prohibited by the antisubrogation rule *(see, Avalanche Wrecking Corp. v New York State Ins. Fund,* 211 AD2d 551). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.