■ ZURICH INSURANCE COMPANY, Respondent, v LUMBERMEN'S CASUALTY COMPANY, Appellant. [649 NYS2d 660] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 14, 1995, which awarded plaintiff 50% of the settlement of an underlying personal injury action and certain related attorneys' fees and expenses, for an aggregate principal sum of $94,874.21, unanimously affirmed, with costs.

The motion court properly determined that Lumbermen's was estopped from disclaiming liability on the contractual indemnification claim given the insurer's delay in doing so and

its failure to adequately explain the basis for the disclaimer (*see, Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030). Lumbermen's acknowledged, in April and June of 1991, its duty to defend in regard to the "contractual allegations", and was kept abreast of developments over the next two or three years, without making known any intention to disclaim liability. Its claim that a conflict of interest suddenly developed between it and Zurich is unsubstantiated. Under these circumstances, the failure to openly adopt a "no coverage" position until the middle of settlement negotiations, three years after agreeing to defend, was unreasonable.

Moreover, there was no substantive basis for disclaiming liability. The insured's counsel was of the opinion that the insured, a tenant, was the party at fault, based on the "repair" requirements in the lease and the insured's longstanding actual assumption of the responsibility to maintain the site of the accident. These circumstances clearly implicated the indemnification clause of the lease, which applied to injuries arising out of the tenant's "use, occupation, management or control" of the premises.

Implicit in the language of the settlement of the underlying action was a finding of liability on both contractual and common-law grounds. Contractual and common-law indemnity may coexist, and an insured that is liable under both theories is entitled to coverage from both insurers; each insurer is equally responsible for indemnifying its insured (*Hawthorne v South Bronx Community Corp.*, 78 NY2d 433). For that reason, and since Lumbermen's is estopped from disclaiming liability, Zurich is entitled to be reimbursed by Lumbermen's for 50% of the settlement amount and related expenses paid by Zurich.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Kupferman, Ross, Williams and Tom, JJ.