■ STATE INSURANCE FUND, Respondent, v INTERNATIONAL INSURANCE COMPANY, Appellant. [673 NYS2d 680] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered July 24, 1997, awarding plaintiff damages against defendant, and bringing up for review an order which, in an action by plaintiff primary insurer against defendant excess insurer to recover the amount plaintiff paid in excess of its policy's limit in order to settle a lawsuit against the parties' insured, granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment, unanimously affirmed, without costs.

By its terms, defendant's policy was to be triggered by a loss in excess of "the retained limit", defined as, *inter alia*, "the total of the applicable limits of the underlying policies listed in Schedule A hereof, and the applicable limits of any other insurance collectible by the insured". The IAS Court correctly construed this to include the total of the amounts specified for each of the polices listed in Schedule A of the category of coverage applicable to the incident for which the parties' insured was sued, regardless of whether such listed policies actually provided coverage (*Fried v North Riv. Ins. Co.*, 710 F2d 1022, 1026; *see, Ambassador Assocs. v Corcoran*, 143 Misc 2d 706, *affd* 168 AD2d 281, *affd* 79 NY2d 871), and, if so, how much. Thus, it does not avail defendant that plaintiff's employers' liability policy, listed in Schedule A as having an "applicable limit" of $100,000, may in fact have provided coverage that was unlimited. We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Andrias, JJ.