(May 29, 2001)

■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respondent, v AETNA CASUALTY AND SURETY COMPANY, Appellant. [728 NYS2d 6] —Order and judgment (one paper), Supreme Court, New York County (Barbara Kapnick, J.), entered on or about December 8, 1999, which granted plaintiff's motion for reargument of a prior order (same court and Justice) dated March 6, 1998, and upon reargument, granted plaintiff's motion for summary judgment declaring defendant's obligation to indemnify in the underlying action, unanimously reversed, on the law, without costs, plaintiff's motion for summary judgment denied, defendant's cross motion for summary judgment granted, and judgment entered in favor of defendant declaring that the subject policy of insurance does not provide coverage in the underlying action.

Defendant's umbrella policy states that it provides coverage for a loss of the insured in excess of the "applicable underlying limit," defined as, *inter alia*, "[t]he amount of insurance stated in the policies of 'underlying insurance' in the Declarations or any other available insurance less the amount by which any aggregate limit so stated has been reduced solely due to payment of claims." Although the State Insurance Fund is not listed in the umbrella policy's schedule of underlying insur-

ance, it comes within the policy's definition of "underlying insurance," because this term is defined in the policy to encompass both the policies listed in the schedule of underlying insurance and "[a]ny other insurance available to the insured." Because the State Insurance Fund's coverage is unlimited, the Aetna umbrella policy has not been triggered in this case.

Contrary to the IAS court's finding, the language of the Aetna policy distinguishes this case from *State Ins. Fund v International Ins. Co.* (251 AD2d 86, *lv denied* 92 NY2d 816). In *International*, the policy at issue erroneously listed the State Insurance Fund in its schedule of underlying insurance as having a limit of $100,000, and we found that "it [did] not avail defendant that plaintiff's employers' liability policy * * * may in fact have provided coverage that was unlimited" (*id.* at 87). Here, by contrast, the State Insurance Fund is not listed in the policy's schedule of underlying insurance. Thus, the unambiguous terms of this contract require that the State Insurance Fund be exhausted before the Aetna umbrella policy is triggered (*see, United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229). Because it is undisputed that the State Insurance Fund provides unlimited coverage, the Aetna umbrella policy was not implicated here.

Finally, neither Insurance Law § 3420 (d), the statutory provision requiring a timely disclaimer of coverage, nor principles of waiver or estoppel preclude Aetna from denying coverage. No notice of disclaimer is required where, as here, the policy at issue does not provide coverage for the loss (*Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195; *Schiff Assocs. v Flack*, 51 NY2d 692, 698; *Tantillo v U.S. Fid. & Guar. Co.*, 155 AD2d 970; *Empire Mut. Ins. Co. v Fleischman*, 106 AD2d 295). Concur—Sullivan, P. J. Rosenberger, Mazzarelli, Lerner and Buckley, JJ.