■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant-Respondent, v THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA et al., Respondents-Appellants. [841 NYS2d 288]—

Order, Supreme Court, New York County (Rolando T. Acosta,

J.), entered January 22, 2007, which, to the extent appealed from, denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment only to the extent of declaring that plaintiff's recovery, if any, will be limited to $500,000, unanimously modified, on the law, to grant the cross motion to the extent of declaring that plaintiff's recovery, if any, will be limited to $1,000,000, and otherwise affirmed, without costs.

In the underlying personal injury action, an employee of General Industrial Service Corporation (General), a subcontractor on a construction project, sought to recover under the Labor Law as against the project's owner and construction manager. Those defendants, in turn, brought a third-party action for indemnification against General. The employee's personal injury claim was ultimately settled for $2.5 million, of which amount plaintiff Liberty Mutual Insurance Company (Liberty), General's excess insurer, paid $1.5 million and General's primary general liability carrier (Diamond) paid $1 million.

After the settlement, Liberty instituted this action seeking reimbursement of its $1.5 million payment from defendants The Insurance Company of the State of Pennsylvania and American International Group of Companies (collectively, AIG). AIG had issued General an employer's liability policy providing, inter alia, primary coverage for common-law liability arising from bodily injury suffered by an employee in the course of employment. Nonetheless, AIG had refused to participate in the defense or settlement of the underlying personal injury litigation.

Although AIG's refusal to defend General, its insured, was unwarranted (see *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]), General was defended by Diamond, the other primary insurer. Accordingly, Liberty seeks reimbursement only for indemnification, not defense costs. As to Liberty's claim for reimbursement of its indemnification of General, the fact remains that AIG was a primary insurer whose obligation to cover General's liability took precedence over that of Liberty, an excess insurer, and AIG may not avoid its contractual obligation to the insured by invoking the antisubrogation rule (see *Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d 363, 375 [1998]).

However, the motion court properly denied Liberty's motion for summary judgment, since, pursuant to Workers' Compensation Law § 11, an employer is not liable for contribution or indemnity to a third party "based upon liability for injuries sustained by an employee acting within the scope of his or her

employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury.' '' Whether the injury sustained by General's employee was, in fact, "grave" within the meaning of the statute cannot be determined on this record. Accordingly, since the AIG policy afforded General coverage for common-law liability only (excluding "liability assumed under a contract"), the determination of whether AIG is obligated (within policy limits) to reimburse Liberty for its settlement payment must await a finding on whether the employee suffered a grave injury. We reject Liberty's argument that the record establishes the existence of a grave injury as a matter of law, which argument was improperly raised for the first time in Liberty's reply papers in the motion court. Contrary to Liberty's further contention, the statements made by AIG's counsel when the settlement of the personal injury action was announced in open court do not preclude AIG from litigating the grave injury issue in the present action.

In the event the existence of a grave injury is proven, AIG's liability will be limited to $1 million. The Liberty policy provides that coverage thereunder is implicated by liability in excess of the insured's "Retained Limit," defined, in pertinent part, as "the total amounts stated as the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of any other insurance providing coverage." That Schedule lists the AIG policy and attributes to it a $1 million per-accident limit of insurance. Even though it appears that the coverage afforded by the AIG policy may have been unlimited in this case, the policy limit set forth in the Schedule of Underlying Insurance annexed to the Liberty policy controls the triggering of Liberty's excess coverage (*see State Ins. Fund v International Ins. Co.*, 251 AD2d 86 [1998], *lv denied* 92 NY2d 816 [1998]; *cf. Commissioners of State Ins. Fund v Aetna Cas. & Sur. Co.*, 283 AD2d 335, 335 [2001] [because excess policy's schedule of underlying insurance did not include the primary policy at issue, excess coverage would not be triggered until "any other available insurance" was exhausted, and, since primary coverage was unlimited, excess policy was not implicated]).

Finally, the motion court erred in limiting AIG's potential liability to $500,000, half the policy limit set forth in the Liberty excess policy's Schedule of Underlying Insurance. The settlement payment by Diamond, the other primary insurer, exhausted its policy limit, so there is no issue of apportionment between primary coinsurers. While both contractual and

common-law claims were asserted against General, and AIG's policy afforded General coverage only for common-law liability, this does not serve to cut AIG's potential liability in half. "[W]here the facts of the case are such that the insured's liability exists on one theory as well as another and [only] one of the theories results in liability within the coverage, the insured may avail itself of the coverage" (*Hawthorne v South Bronx Community Corp.*, 78 NY2d 433, 438 [1991], citing *Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co.*, 136 AD2d 246, 248 [1988], *lv denied* 73 NY2d 701 [1988]). While there was an apportionment of liability between primary coinsurers in *Hawthorne* and *Aetna*, here AIG is the only primary insurer whose coverage has not been exhausted, and it is not entitled to an apportionment of liability between itself and Liberty, whose excess coverage is implicated only upon the exhaustion of primary insurance. Concur—Friedman, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.