# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

740
CA 11-00156
PRESENT: FAHEY, J.P., CARNI, LINDLEY, AND GORSKI, JJ.

---

MERCHANTS MUTUAL INSURANCE COMPANY,
PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

NEW YORK STATE INSURANCE FUND,
DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (MARK M. CAMPANELLA OF COUNSEL), FOR DEFENDANT-APPELLANT.

HISCOCK & BARCLAY, LLP, ROCHESTER (ANTHONY J. PIAZZA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered July 13, 2010. The order and judgment granted the motion of plaintiff for summary judgment, denied the cross motion of defendant New York State Insurance Fund for summary judgment and awarded money damages to plaintiff.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, to recover funds from New York State Insurance Fund (defendant) based on defendant's alleged failure to indemnify Jerrick Waterproofing Co., Inc. (Jerrick Waterproofing), a third-party defendant in the underlying wrongful death action. Jerrick Waterproofing held an insurance policy issued by defendant that provided unlimited employer's liability coverage for employees subject to the Workers' Compensation Law, and Jerrick Waterproofing also held a commercial umbrella insurance policy issued by plaintiff that provided excess coverage upon the exhaustion of all other insurance policy limits. The plaintiff in the underlying wrongful death action sought damages for injuries sustained by the decedent, a construction worker employed by Jerrick Waterproofing, when he fell from scaffolding on a work site where T&G Contracting, Inc. (T&G) was the general contractor and Jerrick Waterproofing was a subcontractor. The wrongful death action against T&G and the owners of the property on which the accident occurred settled for approximately $2.2 million. All of the parties to the instant action contributed toward that settlement.

Defendant appeals from an order and judgment granting plaintiff's motion for summary judgment on the complaint against defendant and awarding plaintiff damages in the amount of $600,000. We conclude that Supreme Court properly granted the motion. Contrary to its contention, defendant was obligated to provide unlimited coverage for the accident, despite an exclusion in its policy for liability assumed under a contract. Although T&G was granted summary judgment on its contractual indemnification cause of action against Jerrick Waterproofing in the underlying third-party action, T&G's common-law indemnification cause of action in that third-party action was still viable at the time of the settlement. "The fact that [T&G's] recovery against [Jerrick Waterproofing] could have been based upon a contract of indemnity does not preclude the existence also of a common-law right to indemnity" (*Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co.*, 136 AD2d 246, 248, *lv denied* 73 NY2d 701; *see O'Dowd v American Sur. Co. of N.Y.*, 3 NY2d 347, 353). Where, as here, "the facts of the case are such that the insured's liability exists on one theory as well as another and one of the theories results in liability within the coverage, the insured may avail itself of the coverage" (*Hawthorne v South Bronx Community Corp.*, 78 NY2d 433, 438).

Defendant further contends that the otherwise unlimited coverage provided by its policy was limited by language on the declarations page of the excess insurance policy issued by plaintiff, indicating that defendant's policy limit for bodily injury caused by an accident was $100,000. We reject that contention. An excess insurer may be bound by a misidentification of an underlying insurer's liability limit (*see generally Liberty Mut. Ins. Co. v Insurance Co. of State of Pa.*, 43 AD3d 666, 668). Here, however, the declarations page of the policy issued by plaintiff unambiguously excludes coverage in situations where the Workers' Compensation Law is applicable, and the language with respect to defendant's policy limit for bodily injury caused by an accident is applicable only to employees not subject to the Workers' Compensation Law. Thus, defendant was obligated to provide unlimited coverage to Jerrick Waterproofing with respect to its liability for decedent's accident, and the obligation of plaintiff to provide excess coverage was never triggered.

Entered: June 17, 2011                              Patricia L. Morgan
                                                    Clerk of the Court