■ AMERICAN HOME ASSURANCE COMPANY, Appellant, v D.P. CONSULTING CORP., Respondent, et al., Defendants. [982 NYS2d 889]—

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant D.P. Consulting Corp. in an underlying action entitled *Canteros v AvalonBay Communities, Inc.*, pending in the Supreme Court, Kings County, under index No. 7284/08, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated March 12, 2012, as denied that branch of its motion which was for summary judgment declaring that it is not obligated to defend and indemnify the defendant D.P. Consulting Corp. in the underlying action in connection with third-party causes of action asserted against D.P. Consulting Corp. seeking common-law indemnification and contribution.

Ordered that the order is affirmed insofar as appealed from, with costs.

In March 2008, Angel Pedro Canteros (hereinafter Canteros), and his wife suing derivatively, commenced an action against AvalonBay Communities, Inc. (hereinafter AvalonBay), to recover damages for personal injuries allegedly sustained by Canteros when he fell from a roof at premises owned by AvalonBay. Subsequently, AvalonBay commenced a third-party action against Canteros's employer, D.P. Consulting Corp. (hereinafter D.P.), seeking, among other things, common-law indemnification and contribution. D.P.'s insurer was American Home Assurance Company (hereinafter American).

In March 2011, American commenced this action against D.P. and AvalonBay, among others, seeking a judgment declaring that it has no duty to defend and indemnify D.P. in the underlying action under the employers' liability policy it issued to D.P. American thereafter moved, among other things, for summary judgment declaring that it was not obligated to defend and indemnify D.P. in the underlying action in connection with AvalonBay's third-party claims for common-law indemnification and contribution. In support of that branch of its motion, American contended that, absent a "grave injury" within the meaning of Workers' Compensation Law § 11, there was no basis for coverage under the insurance policy issued to D.P., and that Canteros did not sustain a grave injury. The Supreme Court denied that branch of American's motion.

American demonstrated its prima facie entitlement to judgment as a matter of law declaring that it is not obligated to defend and indemnify D.P. in connection with AvalonBay's third-party claims for common-law indemnification and contribution by making an initial showing that there is no possible factual or legal basis on which American might eventually be obligated to indemnify D.P. under any provision of its policy (*see State Farm Fire & Cas. Co. v Joseph M.*, 106 AD3d 806, 807 [2013]; *Burgund v ESP Café, Inc.*, 84 AD3d 849, 850 [2011]; *cf. Liberty Mut. Ins. Co. v Insurance Co. of State of Pa.*, 43 AD3d 666, 667-668 [2007]). However, in opposition, D.P. raised a triable issue of fact in this regard. Specifically, it raised a triable issue of fact as to whether Canteros sustained a "grave injury" within the meaning of Workers' Compensation Law § 11 (*see Liberty Mut. Ins. Co. v Insurance Co. of State of Pa.*, 43 AD3d at 667-668; *see also Bush v Mechanicville Warehouse Corp.*, 79 AD3d 1327, 1329 [2010]). Since it cannot be concluded, as a matter of law, that there is no possible factual or legal basis on which American might eventually be obligated to indemnify D.P. under any provision of its policy, the Supreme Court properly denied that branch of American's motion which was for summary judgment

declaring that it is not obligated to defend and indemnify D.P. in the underlying action in connection with AvalonBay's third-party claims for common-law indemnification and contribution (*see Majawalla v Utica First Ins. Co.*, 71 AD3d 958, 961 [2010]; *Bovis v Crab Meadow Enters., Ltd.*, 67 AD3d 846, 848 [2009]).

In light of our determination, we need not reach D.P.'s remaining contention. Skelos, J.P., Dickerson, Leventhal and Miller, JJ., concur.