■ TULLY CONSTRUCTION CO., INC., et al., Appellants, v ILLINOIS NATIONAL INSURANCE COMPANY, Respondent. [15 NYS3d 404]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to indemnify the plaintiff Tully Construction Co., Inc., in certain underlying actions, in which the defendant counterclaimed, among other things, for a declaration that it had no obligation to indemnify Tully Construction Co., Inc., in the underlying actions, the plaintiffs, Tully Construction Co., Inc., and Zurich American Insurance Company, separately appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered October 7, 2013, which denied their separate motions for summary judgment on the complaint, granted the defendant's cross motion for summary judgment in its favor on the complaint and for a declaration that the plaintiff Zurich American Insurance Company must reimburse it the sum of $2,500,000, and declared, among other things, that the defendant had no obligation to indemnify the plaintiff Tully Construction Co., Inc., in the underlying actions, and that the plaintiff Zurich American Insurance Company must reimburse the defendant the sum of $2,500,000 which the defendant had contributed to the settlement of the underlying actions.

Ordered that the order and judgment is affirmed, with one bill of costs.

The plaintiff Tully Construction Co., Inc. (hereinafter Tully), is a construction company that obtained insurance policies, including a Workers Compensation and Employers Liability policy (hereinafter the WCEL policy), from the plaintiff Zurich American Insurance Company (hereinafter Zurich). Tully also obtained a commercial umbrella liability insurance policy

(hereinafter the umbrella policy) from the defendant, Illinois National Insurance Company (hereinafter Illinois), which required Tully to exhaust all insurance available before the excess coverage provided by the umbrella policy would be triggered. The umbrella policy also explicitly stated that, despite the listing of any limits of underlying insurance in the Schedule of Underlying Insurance, if the actual insurance available to Tully exceeded the amounts listed in the schedule, the umbrella policy would not be triggered until those greater amounts were met and exceeded. In the underlying actions, the parties settled for $9,000,000. Zurich paid $6,500,000, and Illinois paid $2,500,000.

The plaintiffs brought this action for a declaration, inter alia, that Illinois is required to indemnify Tully in the underlying actions. Illinois counterclaimed, among other things, for a declaration that it had no obligation under the umbrella policy to indemnify Tully in the underlying actions and, thus, it was not required to indemnify the plaintiffs for the settlement amount which exceeded the limits of the underlying insurance policies obtained by Tully from Zurich. The plaintiffs separately moved for summary judgment on the complaint, and Illinois cross-moved for summary judgment in its favor on the complaint and for a declaration that Zurich must reimburse it the sum of $2,500,000. The Supreme Court held that the WCEL policy was unlimited and, as such, the excess coverage provided by the umbrella policy was never triggered, as the limits of the underlying policies were never met or exceeded.

The WCEL policy contained a New York Limit of Liability Endorsement which provided that in cases of bodily injury to an employee arising out of and in the course of employment that is subject to and is compensable under the Workers' Compensation Law, Zurich could not limit its liability and, as such, the policy was unlimited in those cases (*see generally Oneida, Ltd. v Utica Mut. Ins. Co.*, 263 AD2d 825 [1999] [New York recognizes no liability limits in Workers' Compensation and Employer's Liability policies]).

In light of the unlimited nature of the WCEL policy, the Supreme Court properly concluded that the limits of the underlying insurance policies were never met and, as such, the excess coverage provided by the umbrella policy was never triggered (*see Merchants Mut. Ins. Co. v New York State Ins. Fund*, 85 AD3d 1686 [2011]).

Contrary to the plaintiffs' contention, under the circumstances of this case, the Supreme Court properly concluded that apportionment of liability pursuant to *Hawthorne v South*

*Bronx Community Corp.* (78 NY2d 433 [1991]) was not applicable, since this case involves a coverage dispute between a primary insurer and an excess insurer (*see Liberty Mut. Ins. Co. v Insurance Co. of State of Pa.*, 43 AD3d 666 [2007]; *see also National Union Fire Ins. Co. of Pittsburgh, Pa. v State Ins. Fund*, 222 AD2d 369 [1995]; *B.K. Gen. Contrs. v Michigan Mut. Ins. Co.*, 204 AD2d 584 [1994]; *Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co.*, 136 AD2d 246 [1988]).

In light of our determination, the plaintiffs' remaining contentions need not be reached. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.