In an action for a judgment declaring, inter alia, that the defendants Century Surety Insurance Company and Admiral Insurance Company are obligated to defend and indemnify the plaintiff in this action against third-party claims in an underlying action entitled Bermeo v Fordham Unv., commenced in the Supreme Court, Bronx County, under index No. 307822/10, and the defendant Fordham University as an additional insured in the underlying action, the defendant Admiral Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Adler, J.), dated April 7, 2015, as (1), in effect, denied its motion, in effect, for summary judgment declaring, inter alia, that it is not obligated to defend or indemnify any party with respect to the underlying action, and, in effect, granted that branch of the plaintiffs motion which was for summary judgment declaring that the defendant Admiral Insurance Company is obligated to indemnify the plaintiff in the underlying action on an excess, noncontributory basis to the coverage provided by the defendant Century Surety Insurance Company, and (2) stated that the defendant Fordham University is “covered under the Admiral policy.”
 

 Ordered that the appeal from so much of the order as stated that the defendant Fordham University is “covered under the Admiral policy” is dismissed, without costs or disbursements, as no appeal lies from dicta (see Waldorf v Waldorf, 117 AD3d 1035, 1035 [2014]); and it is further,
 

 Ordered that the order is modified, on the law, (1) by deleting the provision thereof, in effect, granting that branch of the plaintiffs motion which was for summary judgment declaring that the defendant Admiral Insurance Company is obligated to indemnify it in the underlying action on an excess, noncontributory basis to the coverage provided by the defendant Century Surety Insurance Company, and substituting therefor a provision denying that branch of the plaintiffs motion, and (2) deleting the provision thereof, in effect, denying that branch of the motion of the defendant Admiral Insurance Company which was, in effect, for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action, and substituting therefor a provision granting that branch of the motion of the defendant Admiral Insurance Company; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.
 

 In March 2009, Fordham University (hereinafter Fordham) hired the plaintiff to install a new roof on its Lewis Calder Center. The plaintiff and Fordham entered into a contract under which the plaintiff agreed to indemnify Fordham against any claims arising out of the plaintiff’s negligence and to carry comprehensive commercial general liability insurance coverage naming Fordham as an additional insured, with a limit of at least $3,000,000 per incident. An employee of the plaintiff had a fatal accident while working on Fordham’s roof, and his estate commenced a wrongful death action against Fordham. Fordham commenced a third-party action against the plaintiff seeking contribution, common-law indemnification, and contractual indemnification, and alleging failure to procure insurance covering Fordham. At the time of the accident, the plaintiff was covered by three policies: (1) a worker’s compensation and employer’s liability policy issued by Commerce and Industry Insurance Company (hereinafter Commerce) which, inter alia, covered common-law indemnification claims and excluded coverage for contractual indemnification claims, (2) a commercial general liability policy issued by Century Surety Insurance Company (hereinafter Century) that covered contractual indemnification claims, and (3) an excess liability policy issued by Admiral Insurance Company (hereinafter Admiral) that covered contractual indemnification claims.
 

 After notification of the accident, Commerce acknowledged coverage and provided the plaintiff with a defense, while Century and Admiral disclaimed coverage. The plaintiff commenced this action seeking a judgment declaring, among other things, that Admiral is obligated under the excess liability insurance policy to defend and indemnify the plaintiff against third-party claims, and to defend and indemnify Fordham as an additional insured, in the underlying wrongful death action. Admiral moved, in effect, for summary judgment declaring, among other things, that it is not obligated to defend or indemnify the plaintiff in the underlying action on the ground that the employer’s primary liability coverage is unlimited, thereby never triggering excess coverage. The plaintiff moved for summary judgment, among other things, declaring that Admiral is obligated to indemnify it and Fordham in the underlying action on an excess, noncontributory basis to the coverage provided by Century. The plaintiff argued, inter alia, that because the Commerce policy excludes contractual indemnification claims, the Admiral excess policy provides it with excess coverage for those claims. The Supreme Court determined that the Admiral excess policy covered the plaintiff’s liability for Fordham’s contractual indemnity claims once Century’s primary coverage was exhausted, and, in effect, granted that branch of the plaintiff’s motion which was for summary judgment declaring that Admiral is obligated to indemnify it in the underlying action with excess, noncontributory coverage, and, in effect, denied Admiral’s motion.
 

 “As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning” (White v Continental Cas. Co., 9 NY3d 264, 267 [2007]; see Appleby v Chicago Tit. Ins. Co., 80 AD3d 546, 549 [2011]). Here, the Admiral excess policy states that it provides coverage in the amount of the “ultimate net loss” in excess of the “underlying insurance limit.” The “underlying insurance limit” is defined as the sum of the amounts applicable to any claim or “suit” from (1) the “ ‘underlying insurance,’ ” which is the “coverage(s) afforded under insurance policies, for the limits shown, as designated in the schedule of ‘underlying insurance’ and (2) “other insurance.” The schedule of “underlying insurance” lists the commercial general liability policy issued by Century. Although the plaintiff’s employer’s liability policy issued by Commerce is not listed on the schedule of underlying insurance, the coverage afforded under the Commerce policy is included in the “underlying insurance limit,” because that term, by definition, includes both the policies designated in the schedule of underlying insurance and “other insurance.” The Commerce policy contains a New York Limit of Liability Endorsement that provides the plaintiff with unlimited coverage in cases, such as the one at bar, where bodily injury to an employee arises out of and in the course of employment that is subject to and is compensable under the Workers’ Compensation Law. Therefore, pursuant to the clear unambiguous terms of the Admiral policy, excess coverage under the Admiral policy cannot be triggered with regard to the plaintiff (see Tally Constr. Co., Inc. v Illinois Natl. Ins. Co., 131 AD3d 598, 599 [2015]; Commissioners of State Ins. Fund v Aetna Cas. & Sur. Co., 283 AD2d 335 [2001]).
 

 Admiral’s remaining contentions are without merit.
 

 Accordingly, the Supreme Court should have granted that branch of Admiral’s motion which was, in effect, for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action, and should have denied that branch of the plaintiff’s motion which was for summary judgment declaring that Admiral is obligated to indemnify it in the underlying action with excess, noncontributory coverage.
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.