Granite State Ins. Co. v Moklam Enters., Inc. (2021 NY Slip Op 02493)





Granite State Ins. Co. v Moklam Enters., Inc.


2021 NY Slip Op 02493


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Index No. .158092/18 158113/18 Appeal No. 13673-13674 Case No. 2020-03274 2020-02785 

[*1]Granite State Insurance Company, Plaintiff-Appellant,
v
Moklam Enterprises, Inc., et al., Defendants, Yuco Builders, LLC, et al., Defendants-Respondents. 


O'Connor Redd Orlando LLP, Port Chester (Jerri A. DeCamp of counsel), for appellant.



Orders, Supreme Court, New York County (Lynn R. Kotler, J.), entered September 5, 2019, and July 21, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff Granite State Insurance Company's motions for summary judgment declaring that it has no duty to defend or indemnify defendant Daffodil General Contracting Inc. for claims of common-law contribution or indemnification asserted against it in two underlying personal injury actions, unanimously reversed, on the law, without costs, the motions granted and it is so declared.
Granite State, relying on the underlying plaintiffs' bills of particulars, made a prima facie showing that the alleged injuries sustained do not qualify as "grave injur[ies]" within the meaning of Workers' Compensation Law § 11 (see National Union Fire Ins. Co. of Pittsburgh, PA v 221-223 W. 82 Owners Corp., 120 AD3d 1140 [1st Dept 2014]). Defendants produced no evidence indicating that the underlying plaintiffs' injuries so qualified. Accordingly, Granite State has no obligation to defend or indemnify the injured plaintiffs' employer for the underlying common-law indemnification and contribution claims asserted against it (id.).
On the record in these cases, Granite State may obtain summary judgment on its declaratory judgment claims even though the underlying personal injury matters are still pending (see id.; compare Liberty Mut. Ins. Co. v Insurance Co. of State of Pa., 43 AD3d 666, 667-668 [1st Dept 2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021