## Peralta v Hunter Roberts Constr. Group LLC

2024 NY Slip Op 31515(U)

April 29, 2024

Supreme Court, New York County

Docket Number: Index No. 159317/2018

Judge: Suzanne Adams

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: __HON. SUZANNE ADAMS__ | PART **39M** |
| _Justice_ | |

----------------------------------------------------------X

JOSE PERALTA,

                Plaintiff,

          - v -

HUNTER ROBERTS CONSTRUCTION GROUP LLC,RXR
GARVIES P1 BUILDING H OWNER LLC,

                Defendant.

----------------------------------------------------------X

HUNTER ROBERTS CONSTRUCTION GROUP LLC, RXR
GARVIES P1 BUILDING H OWNER LLC

                Plaintiff,

          -against-

ALL TECH INC. D/B/A GOLDEN EAGLE FRAMING LLC, MB
HOME REMODELING LLC, GOLDEN EAGLE FRAMING,
LLC., GOLDEN CONTRACTOR MANAGEMENT, LLC

                Defendant.

----------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159317/2018 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595238/2019

The following e-filed documents, listed by NYSCEF document number (Motion 002) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109

were read on this motion to/for           __JUDGMENT - SUMMARY__

Upon the foregoing documents, it is ordered that defendants/third-party plaintiffs' motion is granted in part and denied in part, and plaintiff's cross-motion is denied. This personal injury action arises out of an incident that occurred on August 30, 2018, at the site of a construction project at Garvies Point Road in Glen Cove, New York, owned by defendant/third-party plaintiff RXR Garvies P1 Building H Owner LLC (the "Owner"). The Owner retained defendant/third-party plaintiff Hunter Roberts Construction Group LLC (the "CM") to serve as construction

159317/2018  PERALTA, JOSE C. vs. RXR REALTY LLC
Motion No.  002

Page 1 of 4

manager for the project, and the CM retained third-party defendant Golden Eagle Framing LLC ("Golden Eagle") to perform certain work necessary for the construction of timber framing for the project. The subcontract between the CM and Golden Eagle required Golden Eagle to, *inter alia*, procure certain insurance policies and name both the Owner and the CM as additional insureds. Golden Eagle subcontracted a certain portion of its work on the project to third-party defendant MB Home Remodeling, LLC ("MB"), who was plaintiff's employer. On the date in question, plaintiff alleges he was at the work site installing trusses from a defective temporary scaffold which collapsed and caused him to fall to the ground, sustaining personal injuries.

Plaintiff commenced this action in October 2018, asserting, in sum, common-law negligence claims as well as claims under Labor Law §§ 200, 240(1), and 241(6). Defendants/third-party plaintiffs now move pursuant to CPLR 3212 for summary judgment dismissing plaintiff's complaint and granting their claims for contractual indemnity over and against third-party defendants Golden Eagle and MB. Golden Eagle and MB partially oppose the motion inasmuch as it pertains to summary judgment as against them. Plaintiff opposes the motion and cross-moves for summary judgment on the issue of liability. Defendants/third-party plaintiffs oppose the cross-motion.

The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." *Alvarez v. Prospect Hospital*, 68 N.Y.2d 320, 324 (1986) (citing *Winegrad v. New York University Medical Center*, 64 N.Y.2d 851 (1985)); *see also Winegrad*, 64 N.Y.2d at 853. The party opposing a motion for summary judgment is entitled to all reasonable inferences most favorable to it, and summary judgment will only be granted if there are no genuine, triable issues of fact. *Assaf v. Ropog Cab Corp.*, 153 A.D.2d 520, 521-22 (1st

**159317/2018   PERALTA, JOSE C. vs. RXR REALTY LLC**                              **Page 2 of 4**
**Motion No.  002**

[* 2]                                           2 of 4

Dep't 1989). Further, New York Labor Law § 200 codifies the common law duty of owners or general contractors to provide a safe construction site workplace, with the "implicit precondition to this duty . . . [being] that the party charged with that responsibility have the authority to control the activity bringing about the injury. . .." *Russin v. Louis N. Picciano & Son*, 54 N.Y.2d 311, 316-17 (1981). Labor Law § 240 imposes liability only upon an owner or general contractor, or a third party who has been delegated the duties outlined in the statute and thus obtains the authority to supervise and control the work and becomes a statutory "agent" of the owner or contractor. *Russin*, 54 N.Y.2d at 317-18.

As an initial matter, plaintiff does not oppose that portion of the motion seeking dismissal of the Labor Law § 241(6) claim, thus said claim is dismissed. However, the record before the court precludes the granting of summary judgment to either the movants or the cross-movant on the §§ 200 and 240(1) claims, as the parties present conflicting evidence which raises significant questions of fact. For example, although its contract provided that Golden Eagle was solely responsible for supplying and constructing the scaffolding at issue, plaintiff testified that the CM was involved in discussions regarding the installation and use of scaffolding and approved a plan on how to build them. The Owner and CM assert that plaintiff improperly constructed the disputed temporary scaffolding, but plaintiff maintains that it is undisputed that no one with personal knowledge has testified to that effect. Such factual issues are properly determined by a trier of fact.

With respect to the defendants/third-party plaintiffs' contractual indemnity claims (as per the Notice of Motion; the supporting papers also refer to common law indemnification), same are barred by the anti-subrogation rule. *See Washington v. New York City Indus. Dev. Agency*, 215 A.D.2d 297, 298-99 (1st Dep't 1995). Further, any award of conditional indemnification against

**159317/2018 PERALTA, JOSE C. vs. RXR REALTY LLC**
**Motion No. 002**

**Page 3 of 4**

[* 3]

an excess carrier is premature at this stage of the litigation, where there has yet to be an ultimate settlement or judgment. *Oprea v. New York City Hous. Auth.*, 239 A.D.2d 119, 120 (1ˢᵗ Dep't 1997).

Accordingly, it is hereby

ORDERED that defendants/third-party plaintiffs' motion is granted to the extent that any claims under Labor Law § 241(6) are dismissed, and is otherwise denied; and it is further

ORDERED that plaintiff's cross-motion is denied.

This constitutes the decision and order of the court.

| 04/29/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **SUZANNE ADAMS, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**159317/2018  PERALTA, JOSE C. vs. RXR REALTY LLC**
**Motion No. 002**

Page 4 of 4